THACHER et al. v. UNITED STATES.

(Circuit Court, D. Massachusetts. December 29, 1906.)

No. 158.

INTERNAL REVENUE—ACTION TO RECOVER LEGACY TAXES PAID—STATUTE REQUIRING REFUNDMENT.

Rev. St. § 3228 [U. S. Comp. St. 1901, p. 2089], limiting the time for presenting claims for the refunding of internal revenue taxes illegally collected, has no application to a claim for the refunding of legacy taxes paid on contingent interests, which did not become vested prior to July 1, 1902, which are required to be refunded by Act June 27, 1902, c. 1160, 32 Stat. 406 [U. S. Comp. St. Supp. 1905, p. 449], irrespective of their legality or whether they were voluntarily paid or not; and a failure to present the claim within the time limited by such section will not bar an action thereon.

On Demurrer to Petition.

Weston-Smith, Walcott, Peabody & Brown, for petitioners.

Asa P. French, U. S. Atty., and Wm. H. Garland, Asst. U. S. Atty.

LOWELL, Circuit Judge. On June 7, 1901, the petitioners in this case, being the executors of Henry C. Thacher, paid to the collector

of internal revenue, without protest, an inheritance tax on account of contingent beneficial interests. This tax they seek to recover under the provisions of Act June 27, 1902, c. 1160, 32 Stat. 406 [U. S. Comp. St. Supp. 1905, p. 449]. On March 15, 1904, their claim was filed with the collector in due form. The contingent estates were not vested in possession or enjoyment before July 1, 1902.

The United States has demurred to the petition. It contends that, the tax thus paid was illegally collected (Vanderbilt v. Eidman, 196 U. S. 480, 25 Sup. Ct. 331, 49 L. Ed. 563) ; that, in order to recover back the tax thus collected, the claim must be filed with the collector within two years after payment of the tax (Rev. St. § 3228 [U. S. Comp. St. 1901, p. 2089]) ; and that, inasmuch as the claim in this case was filed more than two years after payment of the tax, the petitioners cannot recover.

The answer to the contention of the United States is simple. The petition before the court is not based upon the illegality of the tax, which it nowhere asserts. It seeks only the free bounty of the government, given by the act of 1902, which reads as follows:

"That in all cases where an executor, administrator, or trustee shall have paid, or shall hereafter pay, any tax upon any legacy or distributive share of personal property under the provisions of the act approved June thirteenth, eighteen hundred and ninety-eight, entitled 'An act to provide ways and means to meet war expenditures, and for other purposes,' and amendments thereof, the Secretary of the Treasury be, and he is hereby, authorized and directed to refund, out of any money in the treasury not otherwise appropriated, upon proper application being made to the commissioner of internal revenue, under such rules and regulations as may be prescribed, so much of said tax as may have been collected on contingent beneficial interests which shall not have become vested prior to July first, nineteen hundred and two. And no tax shall hereafter be assessed or imposed under said act approved June thirteenth, eighteen hundred and ninety-eight, upon or in respect of any contingent beneficial interests which shall not become absolutely vested in possession or enjoyment prior to said July first, nineteen hundred and two." Act June 27, 1902, p. 1160. § 3, 32 Stat. 406 [U. S. Comp. St. Supp. 1905, p. 450].

The petitioners could not at any time have maintained suit to recover the tax as having been illegally collected. They had paid it voluntarily, not under protest. Their claim to a refund, if they had any, was moral only, and not legal. It appealed only to the government's sense of fairness, and could be satisfied only by the bounty of the United States, given upon such terms as Congress saw fit to impose. That a free gift of Congress, like that here in question, may be sued upon after it has been voted by Congress, was decided in U. S. v. Jordan, 96 U. S. 418, 28 L. Ed. 1013, and U. S. v. Louisville, 169 U. S. 249, 18 Sup. Ct. 358, 42 L. Ed. 735. The act of 1902 fixes no time within which the claim for a refund must be filed with the collector, and no departmental regulation has been called to the attention of the court. Even if the limit fixed by Rev. St. § 3228 [U. S. Comp. St. 1901, p. 2089], be applicable here by analogy, yet the two years therein mentioned must run, if they run at all, not from the payment of the tax, which was ineffective to create the claim here in suit, but from the passage of the act providing the bounty which the petitioners seek to

obtain. That the tax paid by the petitioners in 1901 was illegally collected is irrelevant to the issues raised by this petition.

Demurrer overruled.