ALLEN, Collector of Internal Revenue, v. WERNER.

No. 13320.

United States Court of Appeals
Fifth Circuit.

July 13, 1951.

Helen Goodner, Ellis N. Slack, Sp. Assts. to the Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., John P. Cowart, U. S. Atty., Macon, Ga., for appellant.

Randolph W. Thrower, Atlanta, Ga., James H. Wilson, Jr., Washington, D. C., for appellee.

Before HOLMES, McCORD and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

The appeal in this case, coming after the winnowing process of the trial of a suit for refund of income taxes, presents the primary question of whether the trial Court erred in admitting and considering parol evidence in construing the purpose and effect of an agreement between a patentor and a manufacturer with reference to the manufacture and sale of hydraulic lifting jacks. The tax question at issue is whether the income received by the grantor was ordinary income, or income from the sale of a capital asset. As the case is presented here, and, as to this question, in the trial Court, the substantial dispute centers around the question whether the agreement should be held to convey to the manufacturer and seller the right of "use" of the patented invention. The exclusive right to manufacture and sell was indisputably granted. We determine the case as presented by the parties.

The trial Court, upon consideration of all of the terms and provisions of the written agreement, held it to be ambiguous and that parol evidence was, therefore, admissible to solve the ambiguity and ascertain the true intentions of the parties. In additional support of this ruling, it referred to the proposition that, in the suit involving taxes, the defendant, not being a party to, or in privity with, the agreement could not assert the objection. It was further found that in the nature of the article involved, a hydraulic jack, models of which sold in a price range of from $2.98 to $30, even the retention of the right of use would be so inconsequential in value as that a Court, seeking the "substance of the matter rather than the form", in determining the incidence of taxation, should disregard this feature in determining whether the inventor had effected a sale rather than a license.

We think the ruling of the Court that the agreement was ambiguous, and therefore subject to parol evidence in aid of its construction and application, was correct. We therefore have no occasion to consider or pass upon the subsidiary rulings of the trial Court. Furthermore, the appellant does not contend that if consideration of the parol evidence adduced was legally permissible, the evidence produced was in anywise insufficient to establish that the purport and intention of the parties was to grant all right of manufacture, use and sale possessed by the patentor. It is contended, however, that because of other provisions of the writing, to which we shall later advert, (which it is insisted are inconsistent with any idea of a sale), that the agreement nevertheless evidenced a license and not a sale.

We state briefly the basis of our conclusion that the trial Court properly held the agreement to be ambiguous. The agreement between Richard W. Werner, the inventor and patentor, and Automobile Specialties Manufacturing Company, the proposed manufacturer and seller, designates Werner as "licensor" and the company as "licensee". It recites a stated consideration, being a guaranteed minimum annual royalty payment of not less than $5,000, and computed upon a stated percent of gross sales of the devices in question, and the expressed mutual covenants thereinafter expressed. As directly material here, the agreement "grants to the licensee the exclusive license to manufacture and

sell a complete line of hydraulic lifting jacks throughout the United States, its territories and dependencies, and Canada, and embodying the invention set forth in the application for United States Letters Patent * * * bearing Serial No. 127,-831, and set forth in a Canadian application about to be filed, together with all improvements on said inventions and likewise including all future inventions relating to hydraulic jacks, said license to endure for the entire term of any or all patents issued in the United States and Canada upon the invention described in said application, unless this license is sooner terminated in accord with the provisions of this agreement." It will be observed that the quoted provision, while referring to the territorial limits of both the United States and Canada, relates to manufacture and sale of the hydraulic jacks, but not to the "use". However, in paragraph 12 of the agreement it is expressly stated: "Licensee contemplates manufacture, use and sale in Canada, but will use its Canadian corporation for this purpose", and that it is understood and agreed that the activities of the named Canadian corporation shall be deemed to be the activities of the licensee. It seems clear that since the granting clause referred both to the United States and Canada, but with no right of use expressed as to either, (nor containing any reservation of right of use in the grantor), and the subsequent provisions clearly acknowledged the right of use in Canada, and since no basis for any distinction between the two territories appears, the agreement, as to this feature, was ambiguous and uncertain in its terms and meaning and subject to explanation by parol evidence to show, as it did here, that the parties intended no difference in treatment between the territories and intended, in accordance with actual prior negotiations, that the agreement should evidence a sale of all rights of the patentor to the manufacturing Company, subject to other provisions of the agreement.

The appellant, while conceding that the reference to the parties as "licensor" and "licensee" is not controlling,[1] contends that such reference, and the specified provisions of the agreement, one, permitting its termination if the licensee "in any way violates the provisions of this agreement, and does not correct such violation" within the period specified, and another, providing that the licensee may cancel on 90 days written notice; and still another, prohibiting the licensee from assigning its interest except in connection with the transfer of its entire business, assets and good will, considered together, conclusively establish that the agreement was one of license and not of sale. The trial Court held that the provision with reference to termination was "merely a condition subsequent, not negating a sale of the invention." This is the conclusion of the authorities generally. The decisions consider the nature of the rights involved under a patent, and the interest of the assignor which require that proper effort to promote manufacture and sale of the patented article be provided and enforceable. A provision authorizing termination of the right conveyed upon the failure of the assignee to comply with the terms of the agreement provides a stated event upon the occurrence of which the grantor may terminate the right and title theretofore conveyed and enjoyed. Nor does the existence in the grantee of the right of cancellation, or the prohibition of unlimited assignment require, under the circumstances here, determination that the agreement did not evidence a sale. Boesch v. Graff, 133 U.S. 697, 10 S.Ct. 378, 33 L.Ed. 787; Littlefield v. Perry, 21 Wall. 205, 88 U.S. 205, 22 L. Ed. 577; Commissioner of internal Revenue v. Celanese Corp., 78 U.S.App.D.C. 292, 140 F.2d 339; D. M. Sechler Carriage Co. v. Deere & Mansur Co., 7 Cir., 113 F. 285, 288; Cf. Kimble Glass Co., 9 T. C. 183, 190; Edward C. Myers, supra, 6 T.C. 258, 264; Carl C. Dreymann, 11 T.C. 153, 161.

The judgment of the trial Court is supported by the facts and the law. It is

Affirmed.

1. Parke, Davis & Co., 31 B.T.A. 427, 432; Edward C. Myers, 6 T.C. 258, 264.