George R. DEMPSTER and Frances S. Dempster

v.

The UNITED STATES of America.

Civ. A. No. 3324.

United States District Court
E. D. Tennessee, N. D.

April 29, 1958.

**586**

Anderson & Snepp, Knoxville, Tenn., for plaintiffs.

John C. Crawford, Jr., U. S. Atty., Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

Plaintiffs have sued to recover certain portions of their income taxes paid for the years 1951, 1952 and 1953. In those years plaintiff George R. Dempster was paid certain sums by Dempster Brothers, Inc., a corporation, as part of the consideration for his transfer to the corporation of all of his rights in certain patents. Under the then existing regulations of the Commissioner of Internal Revenue, the payments received by Mr. Dempster were treated as ordinary income. However, by act of Congress approved June 29, 1956, such payments were declared otherwise, the transfer of patent rights being therein treated as the sale of a capital asset, which would require that the consideration be treated as a capital gain rather than as ordinary income. Public Law 629, 70 Stat. 404.

Plaintiffs have moved for summary judgment in their favor to the effect that by reason of Public Law 629, 70 Stat. 404, consideration paid for the patent transfer, treated as ordinary income, has had its status changed retroactively to that of capital gain, and that the resultant tax advantage entitles plaintiffs to refund of the sums represented by this advantage. Defendant has moved for dismissal of the complaint as it applies to refunds for 1951 and 1952 taxes, on the ground that the claims for refunds for those tax years were not filed within three years from the time the income tax returns were filed, reliance being placed on Internal Revenue Code, 1954, sec. 6511, 26 U.S.C. § 6511; 1939 Code, sec. 322 (b) (1), 26 U.S.C. § 322(b) (1).

Presented by the motions is examination of Public Law 629 and discovery of the limitation period which should be invoked in reference to said law.

Public Law 629 is styled "An Act to amend the Internal Revenue Codes of 1939 and 1954, and for other purposes." It contains the following:

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That section 117 of the Internal Revenue Code of 1939 (relating to capital gains and losses) is hereby amended by adding at the end thereof a new subsection as follows:

"(q) Transfer of Patent Rights.—

"(1) General rule.—A transfer (other than by gift, inheritance, or devise) of property consisting of all substantial rights to a patent, or an undivided interest therein which includes a part of all such rights, by any holder shall be considered the sale or exchange of a capital asset held for more than 6 months, regardless of whether or not payments in consideration of such transfer are—

"(A) payable periodically over a period generally coterminous with the transferee's use of the patent, or

"(B) contingent on the productivity, use, or disposition of the property transferred.

* * * * * *

"(4) Applicability.—This subsection shall apply with respect to any amount received, or payment made, pursuant to a transfer described in paragraph (1) in any taxable year beginning after May 31, 1950, regardless of the taxable year in which such transfer occurred." 26 U.S.C. § 117(q) (1) (A, B), (4).

Public Law 629 contains four other sections, all of which relate to other subject matter. Section 1, from which the above quotation is taken, makes no reference to a limitation period.

Section 2, however, closes with the following sentence: "Notwithstanding the preceding sentence, no claim for credit or refund of any overpayment resulting from the amendment made by this section shall be allowed or made after the period of limitation applicable to such overpayment, except that such period shall not expire before the expiration of one year after the date of the enactment of this Act." 26 U.S.C. § 106 note.

The last paragraph of sec. 3 of Public Law 629 contains the following:

"(b) The amendment made by this section to section 115 of the Internal Revenue Code of 1939 shall be effective as if it were a part of such section on the date of enactment of the Internal Revenue Code of 1939, * * *" 26 U.S.C. § 115 note.

Section 5 closes with the following:

"(b) The amendment made by this section shall apply with respect to taxable years ending after December 31, 1955, but only in the case of sales and exchanges of livestock after December 31, 1955." 26 U.S.C. § 1033 note.

The "applicability" provisions of secs. 2, 3 and 5, as well as of sec. 4, seem somewhat more understandable than that of sec. 1, relating to transfer of patent rights, but all of them, noticeably that of sec. 3, clearly indicate the retroactive nature of the amendments contained in Public Law 629, including the applicability provision of sec. 1.

A limitation provision appears only in sec. 2, herewith again quoted (paragraph b): "Notwithstanding the preceding sentence, no claim for credit or refund of any overpayment resulting from the amendment made by this section shall be allowed or made after the period of limitation applicable to such overpayment, except that such period shall not expire before the expiration of one year after the date of the enactment of this Act." This quoted provision indicates two things: First, that credits or refunds shall be subject to the limitation period "applicable" to them; second, that such period is assured a life extending one year beyond the date of the enactment of Public Law 629.

As sec. 1 has no extension provision and makes no reference, general or otherwise, to applicable limitation provisions, it leaves as an open problem discovery of the limitation period which controls suits

brought under sec. 1. In its motion for dismissal, the Government relies on sec. 6511 of the 1954 Internal Revenue Code, sec. 322(b) (1), 1939 Code. The pertinent provision of sec. 6511 is the following:

"(a) Period of limitation on filing claim.—Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was required to be filed (determined without regard to any extension of time) or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid."

Sec. 6511 provides different periods of limitation for different claims, including a seven-year period with respect to bad debts and worthless securities, a different period for operating loss carrybacks, and others. The inference to be drawn is, that each limitation attaches only to the specific subject matter to which its language relates it.

Reexamination of sec. 6511(a) discloses that it relates to overpayments—claims "for credit or refund of an overpayment of any tax * * *" This presents the crucial point in the case. Whether retroactivity, at least implicit in Public Law 629, operates to put aside sec. 6511(a) may not need to be decided, depending on whether the limitation period of sec. 6511(a) is the period applicable to the claim of the plaintiffs. Sec. 322, read in such parts as relate to credit or refund for overpayment, does not change the problem.

"Overpayment" is defined by sec. 6401 of the Internal Revenue Code of 1954, 26 U.S.C. § 6401 (Sec. 3770(a) (1) (2), 1939 Code, 26 U.S.C. § 3770(a) (1, 2)) as follows:

"(a) Assessment and collection after limitation period.—The term 'overpayment' includes that part of the amount of the payment of any internal revenue tax which is assessed or collected after the expiration of the period of limitation properly applicable thereto."

Subchapter B of Chapter 76, 1954 Code, 26 U.S.C. § 7421 et seq., is entitled "Proceedings By Taxpayers." Included in the subchapter is sec. 7422 (Sec. 3772 (a) (1), 1939 Code, 26 U.S.C. § 3772(a) (1)), which contains the following:

"(a) No suit prior to filing claim for refund.—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof."

Subchapter D of Chapter 66, 1954 Code, 26 U.S.C. § 6531 et seq., relating to limitations and judicial proceedings includes sec. 6532 (Sec. 3772(a) (2), 1939 Code) which contains the following:

"(a) Suits by taxpayers for refund.—

"(1) General rule.—No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary or his delegate renders a decision thereon within that time, nor after the expiration of

2 years from the date of mailing by registered mail by the Secretary or his delegate to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates."

The matter contained in quotations above contain references to "overpayments," taxes "erroneously or illegally assessed or collected," and taxes "alleged to have been excessive or in any manner wrongfully collected." The quoted language also sets out the limitation periods which pertain to the taxes in this paragraph described.

In the case before the court, what plaintiffs are suing for does not fall within any of the described classes. When the tax based upon consideration for transfer of patent rights was paid, it was not an overpayment. Nor was it an illegal tax. Nor was it a tax illegally or wrongfully assessed or collected. As the law stood at the time of its payment, it was a legal tax and the amount paid was the correct amount. This action was brought to recover money accruing as a right to the taxpayers by virtue of an act of Congress which changed the nature of money received by the taxpayer from that of ordinary income to that of capital gain. None of the sections above presented, nor any section found in the Internal Revenue Code, contains a limitation period which fits this situation. See, Thacher v. United States, C.C., 149 F. 902.

Accordingly, the case must, and does, fall within the general limitation period which controls as to suits against the United States. That is the period contained in 28 U.S.C. § 2401(a), which is as follows:

"§ 2401. Time for commencing action against the United States. (a) Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."

Plaintiffs' right of action accrued June 29, 1956, when Public Law 629 was approved. Their action was commenced August 23, 1957, well within the six-year period. See, also, 28 U.S.C. § 1346.

From the foregoing it results that the Government's motion to dismiss must be overruled and the motion of plaintiffs for summary judgment in their favor must be sustained.

Let the appropriate order be prepared.