**Kenneth J. TOBIN and Marguerite R. Tobin, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 17474.**

United States Court of Appeals
Fifth Circuit.

March 25, 1959.

Wm. R. Frazier, Jacksonville, Fla., Hill & Frazier, James P. Hill, Jacksonville, Fla., for petitioner.

Meyer Rothwacks, Lee A. Jackson, I. Henry Kutz, George F. Lynch, Attys. Dept. of Justice, Washington, D. C., for appellee. Edith House, Asst. U. S. Atty., Jacksonville, Fla., for respondent.

Charles K. Rice, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., James L. Guilmartin, U. S. Atty., Jacksonville, Fla., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

HUTCHESON, Chief Judge.

Coming here on a very small record, this appeal is from a judgment dismissing on the ground that the three year statute of limitations, Sec. 322(b) (1) I.R.C.1939, 26 U.S.C.A. § 322(b) (1), had barred it, taxpayer's suit for the comparatively small refund of $838.24, overpaid for the year 1951 in connection with receipts from a patent, though it is in quite small compass, it presents questions of more than ordinary interest which have been briefed and argued with care and earnestness. One of these is whether Section 117(q) 1939 I.R.C. added June 29, 1956, 26 U.S.C.A. § 117(q), and dealing with transfers of patents, created a claim against the United States taking the suit out of the three year statute governing overpayment of taxes and entitling taxpayer to the benefit of the general six year statute of limitations. The other, in the alternative, is whether, if this is answered in the negative, the section impliedly extended the period of limitation for filing claims and institu-

ting suits for refunds prescribed in Sec. 322(b) (1) I.R.C.1939 and Sec. 7422(a) I.R.C.1954, 26 U.S.C.A. § 7422(a).

On their part, taxpayers, opposing to the opinion of the district judge in this case the contrary opinion of the district judge of the Eastern District of Tennessee in Dempster v. United States, D. C., 162 F.Supp. 585, an opinion presented to and rejected by the trial court in this case, and commending the case to our favorable consideration, support it by arguments of their own generally to the same effect and, as giving sanction to this view, by citing Philbrick v. Commissioner, 27 T.C. 346 and Rollman v. Commissioner, 4 Cir., 244 F.2d 634, cases which, as we read them, do not support it. In the alternative, and citing and quoting in support from Thomas v. Mercantile National Bank, 5 Cir., 204 F. 2d 943; United States v. Dubuque Packing Co., 8 Cir., 233 F.2d 453, and Hollander v. United States, 2 Cir., 248 F.2d 247, taxpayers, assuming that the amendment of the statute was not declaratory but in derogation of the law of the cases, place their reliance upon the argument that the claimed right to refund did not exist before but was created by the amendatory statute and that it must be held therefore that the right did not accrue and limitation did not, indeed could not, begin to run until the passage of the act.

On its part the United States, taking flat issue with taxpayers' claim that the amendatory section created the right to refund, points to Myers v. Commissioner, 6 T.C. 258; Kronner v. United States, Ct.Cl., 110 F.Supp. 730; Commissioner of Internal Revenue v. Celanese Corp., 78 U.S.App.D.C. 292, 140 F.2d 339, and Commissioner of Internal Revenue v. Hopkinson, 2 Cir., 126 F.2d 406, to which we may add from this court, Allen v. Werner, 5 Cir., 190 F.2d 840, all pre-statute cases, and the recent case from this court of Bannister v. United States, 262 F.2d 175, Cf. United States v. Carruthers, 9 Cir., 219 F.2d 21 and Rollman v. Commissioner, 4 Cir., 244 F.2d 634. So pointing, it declares, correctly we think,

that the statute in question did not establish, it merely confirmed, the already existing right to seek a timely refund and that, under the facts and the controlling law, there is no basis for taxpayer's theory that the ordinary statute limiting claims and suits for tax refunds is not applicable.

Urging upon us that there is no basis in Sec. 322(a) (1) I.R.C.1939 for the gloss which the district judge in the Dempster case put on the word "overpayment", the United States points out that in Jones v. Liberty Glass Co., 332 U.S. 524, 68 S.Ct. 229, 92 L.Ed. 142 the Supreme Court reviewed the legislative history of this section and, holding that it dealt broadly with income taxes erroneously or illegally assessed and that all income tax refund claims must be filed within three years, rejected the contention that the word "overpayment" should be narrowly or restrictively construed.

Turning to the taxpayers' second contention, that the invoked statute impliedly extended the period of limitation for filing claims by making limitation to commence to run from the passage of the Act, the United States, recognizing that there is a split in the authorities on the general point, insists that the view espoused by the majority in the Hollander case is not the correct one. Without ourselves undertaking to determine the correctness of taxpayers' view or of the authorities cited in support of it, based on the taxpayers' assumption that the statute created their right, we think the theory and the authorities have no application here for the reason implicit in the other cases and explicit in Bannister's case. This is that the invoked statute did not create the right, it merely came to the aid of the taxpayer in rejecting as unwarranted and bringing under statutory control the commissioner's vacillating and arbitrary action in now accepting and now rejecting in regard to patents the view announced in the cases. What we said there, though not said in this immediate connection, is, we think, quite appropriate here. There, after pointing out that the statute did not create the

right but was merely declaratory and in support of the right declared in the case law, the court said [262 F.2d 177]:

"While the district judge, reciting that the realities of the situation must control did cite many of cases relied on by appellant, and did declare that the statute should receive a liberal interpretation, it seems to us that, because of the confusion brought on by the Treasury's action, the court below fell into its error. This was that in endeavoring to find in the words of the statute alone the basis for appellants' claim, whereas its real basis was in the case law, of which the statute was more or less declaratory, the court was led into a narrow, instead of a broad, construction, and thereby to deny to the undisputed facts in this case the results which, under the controlling decisions, followed from them."

The judgment was right. It is affirmed.