**UNITED STATES of America, Appellant,**

v.

**George R. DEMPSTER and Frances S. Dempster, Appellees.**

**No. 13700.**

United States Court of Appeals Sixth Circuit.

April 29, 1959.

George F. Lynch, Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz, John C. Crawford, Jr., U. S. Atty., John F. Dugger, Asst. U. S. Atty., Knoxville, Tenn., on the brief), for appellant.

Charles D. Snepp, Knoxville, Tenn., of counsel (Anderson & Snepp, Knoxville, Tenn., on the brief), for appellees.

Before MARTIN, Chief Judge, BOYD and CHOATE, District Judges.

PER CURIAM.

This is an appeal from a judgment of the District Court for the Eastern District of Tennessee, Northern Division, granting taxpayers' claims for refund of 1951 and 1952 federal income taxes. In these years the taxpayer husband received certain sums as part con-

sideration for the transfer of all his rights in certain patents. On returns filed for each of those years, taxpayers reported the royalties so received as ordinary income and paid the tax due on that basis.

On September 11, 1956, taxpayers filed claims for refund for the years involved alleging overpayments of tax for those years by virtue of an Act of Congress (Act of June 29, 1956, c. 464, 70 Stat. 404) which amended Section 117 of the Internal Revenue Code of 1939, by adding thereto subsection (q), 26 U.S.C.A. § 117(q). This subsection provides that (for the taxable years involved here) income received in consideration for a transfer of patent rights is to be treated as a long-term capital gain. The claims for refund were denied on July 9, 1957, and the taxpayers instituted this suit for recovery of the taxes.

The question for consideration here is whether Section 117(q) of the Internal Revenue Code of 1939 created a claim against the United States taking the suit out of the three year statute (Sec. 322 (b) (1), I.R.C.1939, 26 U.S.C.A. § 322 (b) (1), and Sec. 7422(a), I.R.C.1954, 26 U.S.C.A. § 7422(a)) governing overpayment of taxes and entitling the taxpayers to the benefit of the general six year statute of limitations provided in 28 U.S.C., Section 2401(a), within which to institute suit for recovery of federal income taxes erroneously paid.

Before this case was presented for review by this court the opinion of the District Court (162 F.Supp. 585) was considered by the Court of Appeals for the Fifth Circuit in a case involving both the same factual situation and the same legal question as presented herein. Chief Judge Hutcheson of the court wrote the opinion (Tobin v. United States, 5 Cir., 264 F.2d 845 in which he stated, and correctly so we think, that Section 117(q) of the Internal Revenue Code of 1939 did not establish but merely confirmed the already existing right to seek a timely refund and that, under the facts and controlling law, there is no basis for taxpayers' theory that the ordi-

nary statute limiting claims and suits for tax refunds is not applicable.

On the authority of the opinion of the Court of Appeals of the Fifth Circuit in the Tobin case, supra, and for reasons stated therein the judgment of the District Court is reversed and the complaint is hereby dismissed.