**Sidney P. VAUGHN and Adelaide L. Vaughn, Plaintiffs,**

v.

**UNITED STATES of America, Defendant (two cases).**

**Nos. 2180–2181.**

United States District Court
S. D. California, S. D.

Dec. 30, 1959.

Robert E. Kronemyer, Glenn & Wright, San Diego, Cal., for plaintiffs.

Laughlin E. Waters, U. S. Atty., Edward R. McHale, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

WEINBERGER, District Judge.

Two cases, identically titled, and separately numbered as shown above have been consolidated for all proceedings.

One case involves a claim for refunds on income taxes paid for the year 1952 and the other for 1953. The dates of payment of the taxes and the dates of filing claims for refund are alleged in the complaints and admitted by the defendant.

The defendant in its answer in each case has alleged as an affirmative defense the statute of limitations, claiming that plaintiffs are barred from bringing such action because the claim for refund was not filed within three years from the time of filing the tax return, nor within two years from payment of the tax. The defendant has filed a motion in each case based on such ground, and asked judgment on the pleadings dismissing the action with prejudice.

At the time the Government's affirmative defense was raised there was pending in the Court of Appeals of the Sixth Circuit an appeal from the District Court decision in Dempster v. United States reported at 162 F.Supp. 585. Proceedings in each of these cases have been continued pending such appeal.

The Circuit Court's decision in United States v. Dempster is reported at 265 F.2d 666, certiorari was denied October 12, 1959, 361 U.S. 819, 80 S.Ct. 63, 4 L.Ed.2d 65. See also Tobin v. United States, 5 Cir., 264 F.2d 845.

We are of the view that as to each case, the defendant's motion is proper and plaintiffs are barred from bringing these actions.

The Government will prepare orders in conformity with this memorandum, and serve and present the same in accordance with the local rules of this Court.