Harry B. SMITH and Mary L. Smith,
Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 139–59.

United States District Court
D. New Jersey.

March 20, 1961.

Herbert L. Zuckerman, Newark, N. J., for plaintiffs.

Chester A. Weidenburner, U. S. Atty., Charles H. Hoens, Jr., Asst. U. S. Atty., Newark, N. J., Daniel M. Dwyer, Atty., Tax Division, Dept. of Justice, Washington, D. C., for the Government.

MEANEY, District Judge.

In 1951 and 1952 plaintiff Harry B. Smith (taxpayer) received certain sums as royalties for the exclusive license of patents owned by him and another. In accordance with the rulings of the Commissioner of Internal Revenue he reported these sums as ordinary income on his income tax returns for those years. On July 15, 1958, taxpayer filed claims for refund directed to those years, on the ground that these royalties were properly reportable as long-term capital gain. This change of position was prompted by the 1956 amendment to the Internal Revenue Code of 1939, adding section 117(q) (Act of June 29, 1956, c. 464, § 1, 70 Stat. 404), as follows:

§ 117

"(q) Transfer of patent rights.—

"(1) General rule.—A transfer * * * of property consisting of all substantial rights to a patent * * * by any holder shall be considered the sale or exchange of a capital asset held for more than 6 months * * *

"(4) Applicability.—This subsection shall apply with respect to any amount received, or payment made, pursuant to a transfer described in paragraph (1) in any taxable year beginning after May 31, 1950 * * * "

The Government does not contend that the payments received by taxpayer are not within section 117(q) but asserts that the court is without jurisdiction of the subject matter because the claims for refund were not filed within three years from the time the return was required to be filed or two years from the time the tax was paid. 26 U.S.C. § 6511(a) (I.R.C. '54); 26 U.S.C. § 322(b) (1) (I.R.C. '39); 26 U.S.C. § 7422(a) (I.R.C. '54). There is no doubt that, judged by these provisions of the internal revenue laws, the claims for refund, and thus this action, were not timely. However, a legislative conflict arises by virtue of 26 U.S.C. § 117(q) (4), quoted above, to the effect that the 1956 legislation applies to payments received in any taxable year beginning after May 31, 1950. The conflict is this: Claims for refund for the calendar years 1951 and 1952 were barred before the enactment of legislation granting the relief which such claims for refund would have sought, but this legislation is specifically applicable to taxable years for which such claims for refund are already barred by the statute of limitations.

Some background is necessary for adequate understanding and appropriate solution of this dilemma. In 1946 the Tax Court ruled that royalties received by an inventor under exclusive license agreements, even though spread out over the life of the patent, were to be taxed as capital gains. Myers v. Commissioner, 1946, 6 T.C. 258. At first the Commissioner of Internal Revenue acquiesced in this decision (1946–1 Cum.Bull. 3) but later changed his position and ruled that such royalties for taxable years beginning after May 31, 1950, would be regarded by his agency as ordinary income (Mim. 6490, 1950–1 Cum.Bull. 9). Section 1235 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 1235, applicable to taxable years beginning after December 31, 1953, allowed such royalties capital gains treatment. The Commissioner of course had to follow this, but ruled as to taxable years beginning after May 31, 1950 and before January 1, 1954,

treatment of these royalties as ordinary income by his agency would be continued. Rev.Rul. 55–58, 1955–1 Cum.Bull. 97.

As a result of the vacillance on the part of the Commissioner and disagreement between Congress, the Tax Court and the Commissioner this anomalous situation arose: A payment received for a taxable year ending on or before May 31, 1950, *or* beginning after December 31, 1953, would be treated as long-term capital gain, but for the years sandwiched between it would be treated as ordinary income. The 1956 amendment to the Internal Revenue Code of 1939 was made applicable to taxable years beginning after May 31, 1950, the date on which the Commissioner withdrew his acquiescence to the Myers decision, supra. The legislative history of the amendment indicates that it was designed to resolve the uncertainty which the Commissioner had created as to past transactions in the same way that section 1235 of the Internal Revenue Code of 1954 had resolved them for future transactions. S.Rep. No. 1941, sec. 1, 2 U.S.Code Cong. and Admin.News 1956, p. 2914.

The sole question for decision is what effect is to be given to congressional silence with respect to the previously existing provisions of the revenue laws which would act to bar the relief ostensibly granted in 1956.

Initially, the court will not adopt the Government's expedient argument that the 1956 amendment as to the years 1951 and 1952 only applied to those taxpayers who were not barred because they had claims in litigation or the administrative process. Nothing in the Act itself or in its history indicates that Congress had any such intention. Zacks v. United States, Ct.Cl.1960, 280 F.2d 829; cf. Hollander v. United States, 2 Cir., 1957, 248 F.2d 247, 250.

The court is of the opinion that the Act of June 29, 1956, overrides the pre-existing statute of limitations, at least as to those claims for refund which were already barred at the time of its enact-

ment. To hold otherwise would be to ascribe to Congress, through judicial interpretation, an intention to do a meaningless act. It is more reasonable to give full effect to the explicit language of section 117(q) (4), even where it conflicts with earlier enactments, than to ignore it altogether. Congress must have known that the legislation would be an empty gesture toward the plaintiffs and others similarly situated if sections 6511(a) of the 1954 Code and 322(b) (1) of the 1939 Code were to stand as bars to claims for refund. Zacks v. United States, supra; Cf. Hollander v. United States, supra. Since there is specific repugnance between the provisions of section 117(q) (4) of the Act of 1956 and sections 322 (b) (1) of the 1939 Code and 6511(a) of the 1954 Code, it would seem that the implied repeal of the 1939 and 1954 provisions, *to the extent of the repugnance,* must be recognized. See United States v. Borden Co., 1939, 308 U.S. 188, 199, 60 S.Ct. 182, 84 L.Ed. 181.

There is another aspect of this case requiring further consideration of it, which would be dispositive in the event that the theory of implicit repeal be found invalid.

 The 1956 amendment, to the extent that it specifically overruled the Commissioner, gave the plaintiffs a right that they did not have before. A new cause of action upon which the statute of limitations commenced to run anew was created. Taxpayer was thus entitled to capital gains treatment of his royalties without the burden of contesting administrative disallowance thereof in expensive, time-consuming and uncertain litigation. It was so held in Zacks v. United States, supra, upon identical facts:

"It is well settled law, needing no citation of authority, that a taxpayer is bound to follow the interpretations of the law by the agency charged with its administration. This being true, plaintiffs had no option other than to report the income from patent royalties as they did report them. If plaintiffs believed that the interpretation of the law was incorrect, they were of course entitled to file a claim for refund and undertake to convince the Bureau of Internal Revenue of its error, and, in default thereof, they were entitled to bring suit to test the matter in the courts, as other taxpayers had done. The plaintiffs instead, no doubt influenced by the failure of other taxpayers to secure a reversal of the Bureau's rulings, did not question the correctness of what the governmental agency in charge of the enforcement of the law had ruled, but acquiesced in it, and paid their taxes accordingly.

"Then, in view of the stubborn persistence of the Bureau in its interpretation of the law, and of its refusal to follow the decisions of this court and of three of the Circuit Courts of Appeals and of the Tax Court, Congress felt it necessary to pass an Act to set aside the law as interpreted by the Bureau, and to expressly provide that income from royalties might be reported as capital gains.

"We think this gave to a taxpayer a right that he had not had before. At least, it gave him a right which the agency charged with the administration of the prior law said he did not have." 280 F.2d at page 831.

United States v. Dempster, 6 Cir., 1959, 265 F.2d 666, certiorari denied 1959, 361 U.S. 819, 80 S.Ct. 63, 4 L.Ed.2d 65; Tobin v. United States, 5 Cir., 1959, 264 F.2d 845; and Vaughn v. United States, D.C.S.D.Cal.1959, 181 F.Supp. 386, are to the contrary. However, with due regard for the conclusions of those courts this court finds itself in agreement with the holding in Zacks v. United States, supra, and the rationale of Hollander v. United States, supra.

Judgment will be entered for the plaintiffs.

Submit an order.

This opinion shall constitute findings of fact and conclusions of law.