**Harry B. SMITH and Mary L. Smith**

v.

**UNITED STATES of America, Appellant.**

**No. 13728.**

United States Court of Appeals Third Circuit.

Argued Jan. 11, 1962.

Decided June 13, 1962.

Burt J. Abrams, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, and I. Henry Kutz, Attys., Department of Justice, Washington, D. C., David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief), for appellant.

Herbert L. Zuckerman, Newark, N. J., for appellees.

Before BIGGS, Chief Judge, and KALODNER and GANEY, Circuit Judges.

KALODNER, Circuit Judge.

This appeal by the United States presents the issue as to whether the District Court erred in rendering judgment[1] for the taxpayer, Harry B. Smith,[2] in his suit for refund of income taxes paid for the years 1951 and 1952 on patent royalties which were treated as ordinary income pursuant to then current rulings of the Commissioner of Internal Revenue.

Taxpayer's suit for refund was premised on the Act of June 29, 1956 (70 Stat. 404) which amended the Internal Revenue Code of 1939 by adding Section 117(q), 26 U.S.C. § 117(q)[3] which provided that royalties of the type here involved were to be considered as capital gains, and made its provisions applicable to all royalty payments received after May 31, 1950.

In his suit for refund, filed February 20, 1959, taxpayer alleged that on July 15, 1958 he had filed his claims for refunds for overpayment of taxes for 1951 and 1952 and that the Commissioner of Internal Revenue had taken no action with respect thereto.

In defense, the United States contended that the District Court was without jurisdiction of the subject matter under Section 7422(a) of the Internal Revenue Code of 1954[4] because the claims for re-

---

1. The Opinion of the District Court is reported at 192 F.Supp. 208 (D.N.J.1961).

2. Mr. Smith's wife, Mary L., is a co-plaintiff, but solely because she filed a joint return with her husband.

3. Section 117(q) reads in relevant part as follows:

   "(q) Transfer of patent rights.—
   "(1) General rule.—A transfer (other than by gift, inheritance, or devise) of property consisting of all substantial rights to a patent, or an undivided interest therein which includes a part of all such rights, by any holder shall be considered the sale or exchange of a capital asset held for more than 6 months, regardless of whether or not payments in consideration of such transfer are—
   *    *    *    *    *
   "(4) Applicability.—This subsection shall apply with respect to any amount received, or payment made, pursuant to a transfer described in paragraph (1) in any taxable year beginning after May 31, 1950, regardless of the taxable year in which such transfer occurred. *  *  *"

4. Section 7422(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 7422(a) provides:

   "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof."

fund were not filed within three years from the time the returns were filed or within two years from the time the taxes were paid, as specified in Section 322(b) (1) of the Internal Revenue Code of 1939.[5]

The District Court,[6] in rejecting the Government's contention and granting recovery to taxpayer, held that (1) the limitation provisions of Section 322(b) (1) of the 1939 Code and Section 7422 (a) of the 1954 Code were impliedly repealed by the Act of June 29, 1956, and, (2) alternatively, the 1956 Act created a new cause of action for refund upon which the statute of limitations commenced to run anew.

On this appeal the United States urges that the District Court erred in the holdings stated, and, that even assuming that the 1956 Act created a new cause of action, taxpayer's suit is nevertheless barred by his failure to file refund claims within two years after June 29, 1956 as Sections 322(b) (1) and 7422(a) would require. The claims for refund, as earlier noted, were filed July 15, 1958.

The sum of taxpayer's contention here is (1) the District Court did not err; (2) the procedural requirements of Sections 322(b) (1) of the 1939 Code and 7422(a) of the 1954 Code are not applicable since Section 117(q) is a "bountiful act" of Congress and not an integral part of the revenue system and accordingly claims created by it are controlled by the general six-year statute of limitations as to suits

against the United States; and (3) if the limitation provisions of Section 322 (b) (1) are applicable the period is three years and not two years, and since the claims for refund here were filed within three years they are not barred.

It would serve no useful purpose to explore the arguments made by the parties in support of, and contra to, the District Court's holding that Section 117(q) of the Act of June 29, 1956 created a new cause of action[7] inasmuch as we agree with the Government's contention that assuming it did so, taxpayer's claims for refund are barred because they were filed on July 15, 1958—more than two years after June 29, 1956.

The decisions[8] which have held that the Act of June 29, 1956 created a new cause of action have subscribed to the theory that it also created a constructive payment of the tax as of the date the Act was approved. That being so, the limitation of Section 322(b) (1) for the filing of a refund claim "within two years from the time the tax was paid" began to run on June 29, 1956 and expired on June 28, 1958—prior to taxpayer's filing of his refund claims on July 15, 1958.

We, of course, recognize that inherent in our disposition is a holding that we do not agree with taxpayer's view that the Act of June 29, 1956 repealed Section 322(b) (1) to the extent that it obliterated any and all statutory limitations with

5. Section 322(b) (1) of the Internal Revenue Code of 1939, 26 U.S.C. § 322(b) (1) provides:

"Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later. If no return is filed by the taxpayer, then no credit or refund shall be allowed or made after two years from the time the tax was paid, unless before the expiration of such period a claim therefor is filed by the taxpayer."

6. The case was tried to the Court.

7. The Court of Claims holds to the view that Section 117(q) creates a new cause of action: Lorenz v. United States, 296 F.2d 746 (1961); Zacks v. United States, 280 F.2d 829 (1960) while the United States Court of Appeals for the 5th Circuit, in Tobin v. United States, 264 F.2d 845 (1959) and that of the 6th Circuit, in United States v. Dempster, 265 F.2d 666 (1959), cert. den. 361 U.S. 819, 80 S.Ct. 63, 4 L.Ed.2d 65, subscribe to a contrary view. See also Vaughn v. United States, 181 F.Supp. 386 (S.D.Cal. 1959).

8. See Note 7.

respect to claims for tax refunds relating to patent royalties.

We might add that we do not construe the District Court's opinion to express agreement with taxpayer's view on this score. If it did so we would be constrained to rule it to be in error.

For the reasons stated the judgment of the District Court in favor of taxpayer and against the United States will be reversed and the cause remanded with directions to proceed in accordance with this opinion.