## RONALD PRESS CO. v. SHEA.

### No. 344.

Circuit Court of Appeals, Second Circuit.

Aug. 15, 1940.

Robert H. Montgomery, of New York City (Thomas G. Haight, of Jersey City, N. J., and William J. Grange, James O. Wynn, and George G. Blattmachr, all of New York City, of counsel), for appellant.

John T. Cahill, U. S. Atty., of New York City (David McKibbin, 3rd, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff is a New York corporation which claimed in its income tax returns for the fiscal years ended March 31, 1929, and March 31, 1930, respectively deductions which were disallowed by the Commissioner of Internal Revenue who thereupon determined deficiencies that were duly paid by the plaintiff to Charles W. Anderson, then Collector of Internal Revenue for the Third District of New York. Claims for refund were filed and disallowed in due course. Thereupon, this suit to recover the taxes so paid was brought and later became one against the defendant as administrator of the estate of Charles W. Anderson, who meanwhile had died. The suit was tried by the court, a jury having been waived, and a judgment dismissing the complaint was entered. The plaintiff has appealed.

In 1920 the plaintiff, whose business was that of book publishing and selling, organized two wholly owned subsidiary corporations, Administration Publishing Corporation and Management Engineering Corporation, to publish trade magazines called "Administration" and "Management Engineering." These two subsidiaries were merged, on November 13, 1923, under the name of Management and Engineering Corporation whose name was changed on July 9, 1925, to Management Publishing Corporation and again changed on April 22, 1926, to Manufacturing Industries, Inc. Meanwhile the two magazines had been consolidated under the name "Management and Administration" which became "Manufacturing Industries" when the last change in the name of the subsidiary was made. This state of affairs continued until the subsidiary was dissolved on January 31, 1928.

The plaintiff, under contracts with its first subsidiaries and their successors, advanced to them the money necessary to publish and manage the magazines. Its books of account were the only ones kept and all the liabilities of the subsidiaries were paid from the income derived from the operation of their business and from the funds of the plaintiff.

Between January 1, 1921, and March 31, 1927, the plaintiff advanced to its said subsidiaries the total amount of $311,614.51. It filed consolidated income tax returns for itself and its subsidiaries annually for each year up to, and including, the fiscal year ended March 31, 1928. The amount of the above advances shown by such consolidated returns to have been lost by the subsidiaries up to March 31, 1927, was $226,215.70. The remaining $85,398.81 had been used up in the business but had not been reflected in the consolidated returns. It was carried on the plaintiff's books as its net investment. During the fiscal year which ended March 31, 1928, the plaintiff made further payments to its then subsidiary to the amount of $40,440.92 which Manufacturing Industries, Inc., lost in operating its business that year.

Manufacturing Industries, Inc., on January 3, 1928, transferred all of its assets to the plaintiff in consideration for the cancellation of all it then owed the plaintiff and was dissolved on the last day of that month as above stated. The plaintiff sold such assets to a third party for the sum of $45,000 on the day after it acquired them and thereafter the amount of the indebtedness of the subsidiary, stated as a little over

$350,000 was finally charged to the surplus account.

The consolidated income tax return for the fiscal year ended March 31, 1928, showed a net loss of $70,936.94 which was computed upon a net operating loss of the subsidiary of $40,440.92; a net operating profit of the plaintiff of $9,902.79; and a net loss of $40,398.81 upon the plaintiff's sale of the assets of the subsidiary which was determined by deducting the $45,000 received on the sale from the $85,398.81 at which the plaintiff's investment in the subsidiary was carried on its books.

With the situation as above stated, the plaintiff filed its income tax return for the fiscal year ended March 31, 1929, in which it set up as a deduction the net loss of $70,936.94 shown in the consolidated return for the previous year under the claim of right so to do pursuant to the provisions of Sec. 117 of the Revenue Act of 1928, 26 U.S.C.A. Int.Rev.Acts page 388. This exceeded its own income for 1929 and the excess of $11,039.08 was carried into the income tax return it filed for the fiscal year ended March 31, 1930, as a deduction from its income for that year.

When the Commissioner made the audit, $40,440.92 of the net loss the plaintiff had tried to carry over from 1928 was disallowed, since that was an operating loss of the subsidiary and not of the plaintiff who was held entitled to carry over only its own losses. This reduced the net loss subject to be carried over to $30,496.02 and as a result the Commissioner determined that the plaintiff was liable for additional taxes for both the fiscal year 1929 and the fiscal year 1930. The plaintiff paid such additional taxes with interest and on June 29, 1932, filed claims for refund which were rejected on September 15, 1932. This suit to recover such taxes was then brought.

The original complaint was served on June 13, 1933, and an amended complaint was filed September 12, 1938, under a stipulation which reserved to the defendant, in addition to others, the defenses that the amended complaint was not based on the grounds set out in the claims for refund and that it was a departure from the original complaint. The judgment of dismissal was based on both of the defenses so expressly reserved in the stipulation.

■ We do not find it necessary to consider whether or not the amended complaint set up new causes of action not pleaded before and so barred by the statute of limitations which had run when the amended complaint was filed. This is so because we think the causes of action relied upon in the amended complaint are separate and distinct from any ground upon which the refund claims were made and that a claim for refund which sets forth all the material facts which form the basis of the action to be brought is an essential condition precedent to the right to recover by suit. United States v. Felt & Tarrant Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025. The reason for that is clear enough, for it is fair and reasonable to require one who seeks a refund to state explicitly the factual basis of his claim in order that the Commissioner may take whatever action upon those facts, as affirmed or modified by whatever investigation is proper, which the law requires. We have already held that "a taxpayer who brings suit after a refund has been denied can rely for recovery only on the facts presented to the Commissioner." Dascomb v. McCuen, 2 Cir., 73 F.2d 417, 418. To the same effect are Weagant v. Bowers, 2 Cir., 57 F.2d 679; Snead v. Elmore, 5 Cir., 59 F.2d 312; J. P. Stevens Engraving Co. v. United States, 5 Cir., 53 F.2d 1; Lewis A. Crossett Co. v. United States, Ct. Cl., 50 F.2d 292.

■■ The claims for refund filed were each accompanied by a statement stating generally that, "The sole question involved is whether the taxpayer may deduct * * a loss sustained by reason of the liquidation of a wholly-owned subsidiary of the taxpayer, Manufacturing Industries, Incorporated, which subsidiary was affiliated with the taxpayer during the period of its corporate existence." This was followed by what was called a brief resume of facts and arguments in protests filed with the Commissioner setting forth the advancement of the money to the subsidiary; the transfer of its assets to the taxpayer in consideration for the cancellation of the indebtedness created by the advances; the sale of those assets by the taxpayer for $45,000 and the dissolution of the subsidiary. Each statement closes with the following: "Upon the sale of the magazine the taxpayer suffered a net loss of $312,349.01 resulting in a statutory net loss of $331,064.73." The taxpayer contends that this amount shall be allowed as a deduction in computing net income for the fiscal year

1929 in the one instance and 1930 in the other.

There is to be found nowhere in either refund claim a syllable to indicate that the taxpayer had ascertained any debt to be worthless and charged it off during the taxable period. And yet the two causes of action alleged in the amended complaint are based upon allegations that a bad debt was so ascertained to be worthless and so charged off. Each is a separate and distinct cause of action from that set out in either claim for refund based on a net loss and, moreover, the subdivisions of the statute, Revenue Act 1928, § 23(i, j), 26 U.S.C.A. Int.Rev.Acts, page 357, providing for the allowance of deductions for net losses and for debts ascertained to be worthless and charged off are mutually exclusive. Spring City Foundry Co. v. Commissioner, 292 U.S. 182, 54 S.Ct. 644, 78 L.Ed. 1200. The claims for refund do not, therefore, support the amended complaint and the judgment of dismissal on that ground was correct.

Affirmed.