**William ENGLAND and Mary England, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 3773.**

United States District Court
E. D. Illinois.
April 24, 1958.

McRoberts & Hoban, East St. Louis, Ill., and William B. England, St. Louis, Mo., for plaintiffs.

C. M. Raemer, U. S. Atty., East St. Louis, Ill., for defendant.

JUERGENS, District Judge.

Plaintiffs filed their complaint alleging that they are citizens of the State of Illinois; that this is an action of a nature arising under the laws of the United States and more particularly, Section 1346(b) of Title 28 U.S.C.A.

The defendant filed its answer setting out two affirmative defenses. The first defense charges that the complaint fails to state a claim against the defendant upon which relief can be granted. The court will first examine the complaint in view of this defense.

In general, the complaint alleges that the plaintiffs were caused to pay to the defendant certain sums of money as a result of fraudulent representation of defendant's agents and asks judgment against the defendant.

The plaintiffs contend that the action arises out of the fraudulent representations of the defendant's agents and that it is because of this fraud that this action is brought. However, an examination of the complaint, viewed in the light most favorable to the plaintiffs, clearly shows that the action is one to recover the payment of an internal-revenue tax, which payment was made either in the form of an actual payment of tax, or a compromise settlement in payment of tax, or an application of an overpayment toward an alleged amount of tax due by the plaintiffs to the defendant.

■ Since the complaint shows that the controversy is concerned with, and pertains to a tax, the provisions of Section 1346(b) (properly known as the Tort Claims Act) do not apply.

In order to obtain a refund for the overpayment of tax, plaintiff is required to proceed pursuant to Section 1346(a)(1), Title 28 U.S.C.A., which provides as follows:

"(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

"(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any amount wrongfully collected under the internal-revenue laws, (i) if the claim does not exceed $10,000 or (ii) even if the claim exceeds $10,000 if the collector of internal revenue by whom such tax, penalty or sum was collected is dead or is not in office as collector of internal revenue when such action is commenced;"

■■ In order to recover under this section, an essential condition pursuant to such right to recover by suit is that a claim for refund must first be made. Ronald Press Co. v. Shea, 2 Cir., 114 F.2d 453. A suit for refund should be dismissed for want of jurisdiction where a taxpayer failed to allege and prove that a claim for refund had been filed. United States v. Chicago Golf Club, 7 Cir., 89 F.2d 914, 106 A.L.R. 209. Before a civil action for refund may be maintained, C.A., must be adhered to. Section 7422, Title 26 U.S.C.A., provides in pertinent parts as follows:

"(a) No suit prior to filing claim provisions of Section 7422, Title 26 U.S. for refund.—No suit or proceedings shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delgate, according to the provisions of law in that regard and the regulations of the Secretary or his delegate established in pursuance thereof."

Nowhere in the complaint does it appear, nor do the plaintiffs in any manner show, that the statute above set out has been complied with. Therefore, this court has no jurisdiction to grant the relief sought insofar as it pertains to the refund of internal-revenue tax.

The plaintiffs ask for a declaratory judgment in both counts of the complaint.

■ Declaratory judgments are a creature of statute and, therefore, may be pursued only in accordance with the provisions of that statute. Section 2201, Chapter 28 U.S.C.A., makes provision for declaratory judgments. That statute provides in pertinent parts as follows:

"In the case of actual controversy within its jurisdiction, except with

respect to Federal taxes, any court of the United States [and the District Court for the Territory of Alaska], upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought * * ".

■ The plaintiffs have no standing to proceed under the declaratory judgment act since that act specifically excludes controversies concerning federal taxes and it is upon a claim concerning federal taxes that this complaint is based.

Upon a consideration of the complaint as a whole, in a light most favorable to the plaintiffs, the court finds that the complaint fails to state a cause of action upon which relief may be granted. Therefore, in accordance with the first affirmative defense set up by the defendant, the complaint should be dismissed.