Edward S. CANTON and Sigfrid Canton, Appellants,

v.

UNITED STATES of America, Appellee.

No. 18854.

United States Court of Appeals
Eighth Circuit.

Feb. 8, 1968.

Raymond V. Hedelson, Minneapolis, Minn., for appellants.

Robert J. Campbell, Atty., Dept. of Justice, Washington, D. C., for appellee; Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson and Gilbert E. Andrews, Attys., Dept. of Justice, Washington, D. C., and Patrick J. Foley, U. S. Atty., Minneapolis, Minn., on the brief.

Before VAN OOSTERHOUT and MATTHES, Circuit Judges, and HARRIS, District Judge.

PER CURIAM.

Taxpayers have taken this timely appeal from final order dismissing taxpayers' suit for refund of overpayment of income taxes for the years 1954 and 1955 upon the Government's motion to dismiss upon the ground that the taxpayers' refund claim was not timely filed. The facts, the issues, and the basis of decision are fully set out in Judge Larson's opinion reported at 265 F.Supp. 1018. Judge Larson, in his well-reasoned opinion, has clearly demonstrated the invalidity of the taxpayers' basic contentions to the effect (1) the decision in Tellier v. Commissioner of Internal Revenue, 2 Cir., 342 F.2d 690, affirmed, Commissioner of Internal Revenue v. Tellier, 383 U.S. 687, 86 S.Ct. 38, 15 L.Ed.2d 63, fixes the date of overpayment from which time for filing refund claim commences as of the date of the filing of the Tellier decision, and (2) the payment was made under mistake of law and the statute of limitations for filing refund claim is tolled until discovery of the mistake which occurred on the date of the Tellier decision.

Such contentions, which are reasserted upon this appeal, were properly rejected by the trial court for the reasons set forth in its opinion. We affirm upon the basis of the trial court's reported opinion.

Taxpayers' additional contention that the Government's motion to dismiss is fatally defective because 26 U.S.C.A. § 7422(a) is not referred to in the motion lacks merit. A federal appellate court is required to investigate and determine its own subject matter jurisdiction as well as that of the trial court, whether or not the jurisdictional issue is raised by the parties. Subject matter jurisdiction cannot be waived. United States v. Rochelle, 5 Cir., 363 F.2d 225, 231; Kern v. Standard Oil Co., 8 Cir., 228 F.2d 699.

Twenty-six U.S.C.A. § 7422(a) has uniformly been interpreted as establishing a jurisdictional requirement that cannot be waived. The filing of a timely claim for refund is a prerequisite to the bringing of a tax refund suit. United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 273, 51 S.Ct. 376, 75 L.Ed. 1025; United States v. Rochelle, supra; United States v. Frauenthal, 8 Cir., 138 F.2d 188, 192; 10 Mertens Law of Federal Income Taxation, § 58A.06. It is established here beyond dispute that the refund claim was not filed within the time interval required by § 6511(a). The suit was properly dismissed.

Affirmed.