KNIGHTS OF PYTHIAS HALL COMPA-
NY OF WILMINGTON, DELAWARE,
a Delaware corporation, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 4205.

United States District Court,
D. Delaware.

April 14, 1972.

Stephen Hamilton, Wilmington, Del., for plaintiff.

Richard D. Levin, Asst. U. S. Atty., Wilmington, Del., and Lawrence J. Ross, Department of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION

STAPLETON, District Judge.

Plaintiff, a Delaware corporation, here seeks to recover income taxes which are alleged to have been erroneously and wrongfully assessed and collected by defendant. Since its formation in 1889, plaintiff has at all times acted as a title holding company. During the fiscal year ending March 31, 1950, plaintiff sold a parcel of real estate for a substantial profit. Plaintiff, believing itself to be tax exempt, initially filed no income tax return for the fiscal year ending March 31, 1950. However, as a result of a newspaper release by the District Director at Wilmington, Delaware, in 1965, officers of the plaintiff voluntarily sought to confirm plaintiff's tax exempt status and in pursuit of that objective conferred with an agent in the Wilmington, Delaware, office of defendant. The agent advised plaintiff to file returns for the fiscal years ending March 31, 1950 through March 31, 1965, which plaintiff did on May 4, 1965. Subsequently, plaintiff was informed by the agent that the return for the year ending March 31, 1950 disclosed tax due of $20,770.49. On September 21, 1965, plaintiff paid this amount plus interest of $19,022.50, for a total payment of $39,-792.99.

Plaintiff alleges that it filed an application for a ruling on its tax exempt status in June of 1968 and that this application was lost by the defendant. On August 23, 1968 plaintiff filed a second application for a determination that it was tax exempt with the defendant at its Wilmington, Delaware, office. On May 20, 1969 plaintiff's claim for a refund was disallowed. The letter communicating this action concluded as follows:

> "If you still disagree, and wish to begin suit or proceeding for the recovery of any taxes, penalties, or other moneys for which this notice of disallowance is issued, the law requires you to do so within two years from the mailing date of this letter."

On October 27, 1969 the District Director at Wilmington, Delaware, denied plaintiff's application for exempt status on the ground that the taxpayer was not organized solely for exempt purposes. This ruling was based upon the fact that plaintiff's articles of incorporation did not provide that income after expenses would be turned over to an organization exempt from taxes under § 501(a) of the Internal Revenue Code (26 U.S.C. § 501(a)) and the fact that there was no provision in the articles which would have prevented the distributions to its shareholders.

On November 10, 1969, plaintiff filed a protest and asked for further review of the matter. After several contacts between plaintiff's counsel and the National office, plaintiff amended its charter to prohibit distributions to individual shareholders and to provide for the payment of net profits, if any, only to an exempt organization, i. e., its parent corporation. Ultimately, by letter dated February 4, 1971, the District Director in Philadelphia issued a ruling recognizing plaintiff's tax exempt status. While this letter did not expressly so state, it is undisputed that the effect of this ruling was to recognize plaintiff's tax exempt status "retroactive" to the date of its incorporation in 1889.

On February 17, 1971, plaintiff filed a second claim for refund of the tax and interest paid on September 21, 1965. This action was filed on August 20, 1971, more than six months after the second claim for refund had been filed. The claim for refund had not been acted upon.

Defendant correctly points out that a taxpayer, in order to prosecute a tax refund suit of this character must (1) pay the tax, (2) file a timely administrative claim for refund, (3) wait until either six months have passed or the claim is rejected by the Internal Revenue Service, and (4) file a timely complaint with the court. Defendant insists that the plaintiff here has neither filed a timely administrative claim for refund nor filed a timely complaint.

Section 322(b) (1) of the Internal Revenue Code of 1939 [1] provides:

> "(b) *Limitation on allowance.*
>
> (1) *Period of limitation*—Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later. If no return is filed by the taxpayer, then no credit or refund shall be allowed or made after two years from the time the tax was paid, unless before the expiration of such period a claim therefor is filed by the taxpayer."

In the instant case, plaintiff's first claim for refund was filed August 23, 1968, more than three years after it filed its return on May 4, 1965. The filing of this refund claim was also more than two years after the date of payment on September 21, 1965.

---

1. Sections of the 1939 Code are applicable for taxes assessed and collected with respect to the fiscal year 1950, by reason of Section 7851(a) (6) (D) of the 1954 Code.

Section 3772(a) (2) of the Internal Revenue Code of 1939 [2] provides as follows:

"(a) *Limitations.*

(2) *Time*—No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the Commissioner renders a decision thereon within that time, nor after the expiration of two years from the date of mailing by registered mail by the Commissioner to the taxpayer of a notice of the disallowance of the part of the claim to which such suit or proceeding relates."

In this case, the notice of claim disallowance was sent to the plaintiff on May 20, 1969. This suit was filed more than two years later on August 20, 1971. If the plaintiff's second claim for refund be considered a fresh start, this suit would concededly not be barred by Section 3772 but defendant insists that that claim was clearly untimely filed under Section 322 since it was filed more than three years from the time the return was filed and more than two years from the time the tax was paid.

Plaintiff, on the other hand, argues (1) that it would be inequitable to foreclose him from pressing his claim in this action because prior to the favorable ruling letter of February 4, 1971, plaintiff could not have successfully prosecuted a claim for refund under the applicable regulations and (2) because the granting of exemption "retroactive" to 1889 rendered null and void all documents theretofore filed by plaintiff including its tax return of May 4, 1965.

In connection with its first argument, plaintiff points to Internal Revenue Regulation No. 1.501(a) (2) which provides as follows:

"An organization . . . is not exempt from tax merely because it was not organized and operated for profit. In order to establish its exemption, it is necessary that every such organization claiming exemption file an application form as set forth below. . . ."

Plaintiff maintains that because of this regulation the Internal Revenue Service and perhaps a court would have been foreclosed from ruling favorably on its tax refund claim prior to the issuance of the letter of February 4, 1971.

■ The short answer to plaintiff's first contention is found in Kaltreider Construction, Inc. v. United States, 303 F.2d 366 (3rd Cir. 1962) where the plaintiff's claim to a tax refund was held to be barred by his failure to file a claim within three years after the return was filed. The court there observed:

" . . . Statutes of limitation frequently involve some hardship, but the alleviation of that hardship is a matter of policy for the Congress."

Conceivably, if there had been no opportunity for plaintiff to have successfully pursued judicial redress prior to the expiration of the period of limitations, this case might raise a substantial question under the Due Process Clause of the Fifth Amendment of the United States Constitution. I am convinced, however, that an opportunity existed which plaintiff merely failed to pursue. First, I think it doubtful that an organization which can demonstrate that it is tax exempt under Section 501 cannot successfully pursue a refund claim without first having received the concurrence of the Internal Revenue Service to its claim of exempt status. *Cf.* The Savings Feature of the Relief Department of Baltimore & O. R. R. Co. v. Commissioner of Internal Revenue, 32 B.T.A. 295 (1935), Acq. The statute does not make such concurrence a prerequisite to tax exempt status. I need not so hold, however. If plaintiff had filed a refund claim and an application for a ruling on its tax exempt status within three years of the date of the filing of its tax return, plaintiff within

---

2. The 1939 Code section is applicable for taxes assessed and collected with respect to the fiscal year 1950, by reason of Section 7851(a) (6) (D) of the 1954 Code.

two years after notice of disallowance could then have brought its refund suit. If plaintiff could demonstrate that it was entitled to tax exempt status under Section 501, the Internal Revenue Service could clearly not have successfully defended the suit on the ground that it had failed to act on plaintiff's application for a ruling of exemption or had denied that application, albeit erroneously.

■ Plaintiff's second argument is imaginative, but without merit. Plaintiff jumps from the assumption that the retroactive exemption rendered its tax return void *ab initio* to the conclusion that *"no* period of limitations is applicable to this case."  Assuming this Court were free on the theory suggested to treat the return as never having been filed, this would not aid the plaintiff. It obviously cannot ask the Court to treat the tax as never having been paid, and Section 322 provides that if no return is filed no refund can be allowed "after two years from the time the tax was paid, unless before the expiration of such period a claim therefor is filed by the taxpayer."  No claim was here filed within two years of the date of payment.

■ As various publications of the IRS and various secondary authorities indicate, a taxpayer which is granted an exemption ruling "retroactive" to the date of its organization may file a claim for refund of taxes paid in prior years. Plaintiff, however, reads too much into these statements. I believe they refer to taxes paid in prior years which are still open under the terms of the statutes discussed above. The startling result of a contrary holding is demonstrated by the facts of this case. Under plaintiff's theory it could now press a claim for taxes claimed to have been paid over fifty years ago in the early days of modern income taxation. To permit such a claim to be litigated after its validity would be almost impossible to verify, would run contrary to the Congressional intent evidenced by Sections 322 and 3772.

A number of cases suggest that if compliance with Sections 322 and 3772 is not affirmatively alleged in the taxpayer's complaint, the court lacks jurisdiction and should dismiss the action for that reason.  Canton v. United States, 388 F.2d 985 (8th Cir. 1968); England v. United States, 164 F.Supp. 322 (E.D. Ill.1958) aff'd. 261 F.2d 455 (7 Cir. 1958); Bell v. Gray, 191 F.Supp. 328 (D.C.Ky.1960) aff'd. 287 F.2d 410 (6 Cir. 1960).  The Court of Appeals for the Third Circuit, however, has in similar circumstances elected to treat the question as simply one of limitations. Kaltreider Construction, Inc. v. United States, *supra*.  Pursuant to this approach, plaintiff's motion for summary judgment should be denied and defendant's motion for summary judgment should be granted.

Submit order.