### UNITED STATES of America, Appellant,

v.

### Catherine DeCAMP, Appellee,
### Truck Insurance Exchange, Intervenor-Appellee.
### No. 26199.

United States Court of Appeals,
Ninth Circuit.
April 25, 1973.

---

———◆———

Alan S. Rosenthal, Washington, D. C. (argued), Robert L. Meyer, U. S. Atty., Larry L. Dier, Asst. U. S. Atty., Robert V. Zener, Civil Div., Dept. of Justice, Washington, D. C., for appellant.

Allan L. Steele (argued), Ghitterman, Spielman & Steele, Ventura, Cal., for appellee.

Timothy J. Sargent (argued), Bodkin, Breslin & Luddy, Los Angeles, Cal., for intervenor-appellee.

Before MERRILL, ELY and TRASK, Circuit Judges.

## OPINION

ELY, Circuit Judge:

This wrongful death action was brought by the widow of Paul DeCamp against the United States under the Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80. The husband was fatally injured on June 28, 1967, during the course of his employment under a contract between his employer, Beecham, and the Army Corps of Engineers. The contract called for the removal and disposal of debris along the Salinas River near San Luis Obispo, California.

The injury occurred when DeCamp's bulldozer made contact with a live willow tree. The tree snapped over the top of the brush rake, inflicting a fatal blow. The District Court found that the accident would not have occurred had the bulldozer been equipped with a canopy guard.

There was testimony that prior to submission of bids on the project, the decedent's employer and other prospective bidders had specifically inquired of the Corps' resident engineer, one Caniff, whether the Government would require the successful bidder to equip its bulldozers with canopies. Since these devices were not customarily used in the area, compulsory installation would have entailed additional, and not inconsiderable, expense. The contractors' apprehension was prompted by a provision of the Corps of Engineers' safety manual that provides:

"18–20. Suitable protection against the elements, falling or flying objects, swinging loads, and similar hazards shall be provided for operators of all machinery or equipment. All glass used shall be 'safety glass.' All bulldozers, tractors or similar equipment used in clearing operations shall be provided with substantial guards, shields, canopies, or grills to protect the operator from falling or flying objects as appropriate to the nature of the clearing operations undertaken."

Department of the Army Corps of Engineers, General Safety Requirements § 18–20 (1958). After determining that canopy guards were not appropriate for the particular project, Caniff advised the bidders that their installation would not be required.

Plaintiff charged that the Government violated a duty to decedent by (1) failing to provide him a safe place to work; (2) not requiring the use of canopies; and (3) permitting the equipment to be used without canopies.

Intervenor Truck Insurance Exchange, the workman's compensation insurance carrier of decedent's employer, asserted its claim for a lien on any judgment for plaintiff to the extent that it had paid benefits to the widow. Since California predicates such a lien on the absence of negligence by the insured, Witt v. Jackson, 57 Cal.2d 57, 17 Cal.Rptr. 369, 366 P.2d 641 (1961), the question of whether the decedent's employer had negli-

gently caused the accident was squarely presented.

The District Court, sitting without a jury,[1] held that decedent's employer, R. H. Beecham, did not breach any duty owing to decedent. At the same time, the court concluded that the failure of the United States to require Beecham to install bulldozer canopies constituted negligence, proximately causing the fatal injury.

## I

Even though the Government admitted subject matter jurisdiction in its answer and has not raised the issue on appeal, we are required first to consider the statutory requirements for maintaining suit against the United States under 28 U.S.C. § 1346(b). Jurisdictional defects cannot, of course, be waived. Canton v. United States, 388 F.2d 985, 986 (8th Cir. 1968); United States v. Rochelle, 363 F.2d 225, 230 (5th Cir. 1966); Armstrong v. United States, 283 F.2d 122, 123 (3d Cir. 1960).

The plaintiff invoked federal jurisdiction under 28 U.S.C. § 1346(b), which provides in relevant part:

"[D]istrict courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

This statutory grant is, however, subject to the "discretionary function" exception set forth in 28 U.S.C. § 2680(a):

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not the statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

Here, the resident engineer made an administrative decision that the project was not one appropriate for canopy guards, a decision that assertedly contributed to the death of DeCamp. To come within the jurisdictional ambit of Section 1346(b), it must appear that this decision did not involve the kind of discretion that Section 2680(a) seeks to protect. Conversely, if such discretion was involved, a claim cannot be made out under the Tort Claims Act.

Whether the claim arises out of a discretionary action, bringing it within the exception of Section 2680(a), must be resolved under federal law. *Cf.* United States v. Neustadt, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961); Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). To resolve whether the decision was "discretionary" or "operational", we adopt the analysis suggested by Judge Waterman in Hendry v. United States, 418 F.2d 774, 782–784 (2d Cir. 1969).

The initial consideration is whether the complaint is essentially leveled against the content of the regulation or against its application. It is clear in this case that the plaintiff's allegations attacked only the manner in which the resident engineer applied Regulation

---

1. Under 28 U.S.C. § 2402, a tort action brought under the Tort Claims Act is triable only to the court without a jury.

*See, e. g.,* O'Connor v. United States, 269 F.2d 578, 585 (2d Cir. 1959) (wrongful death action).

18–20—not the regulation itself.[2] In this context we also note that the decision of "inappropriateness" was not predicated upon considerations of public policy but upon general standards of safety. Accordingly, state tort law can capably measure the reasonableness of the engineer's judgment in applying professional standards of safety. It is apparent, finally, that the merits of this case are not laden with political questions or other elements suggesting nonjusticiability. In fact, the type of decision assailed is frequently subjected to judicial scrutiny.

Concluding that the District Court had jurisdiction to entertain the action, we now turn to the merits of the claim.

## II

■ Under the Tort Claims Act, the United States is liable for the negligence of its employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Accordingly, the law of California governs the liability of the United States for this alleged tort. *E. g.,* United States v. White, 211 F.2d 79 (9th Cir. 1954); *see* Roberson v. United States, 382 F.2d 714, 717 (9th Cir. 1967) (applying Arizona law); Kirk v. United States, 270 F.2d 110, 116 (9th Cir. 1959) (applying Idaho law).

■ The Government urges that the District Court erred in finding that decedent's employer was not negligent. The testimony convinced the district judge that by custom and usage, con-

tractors in the area "did not use canopies or roll bars on the[ir] tractors . . . when said tractors were being used for clearance projects." While this finding does not dispose of whether adherence to such practices constitutes negligence, it does provide an acceptable basis for determining the absence of negligence. *Cf.* Diamond v. Grow, 243 Cal.App.2d 396, 52 Cal.Rptr. 265 (1966). It is especially persuasive when considered in conjunction with the uncontradicted testimony of several contractors that canopies were not indicated safety devices on debris clearance projects in the area. Thus, we are not persuaded that we should overturn the finding that the employer's failure to equip his bulldozers with canopy guards was not a negligently contributive omission.

The essential remaining question is under what circumstances, in the absence of negligence by the independent contractor, the Government will nevertheless be found to have a duty toward the employees of that contractor working under a government contract. The District Court found that the circumstances here give rise to the imposition of such a duty. With this determination, we cannot agree.

According to the trial court, the negligence of the Government is bottomed upon the statement of the resident engineer to Beecham that canopies would not be needed on the project. The court concluded that (1) this statement served to waive application of a regulation that would have required canopies; and (2) this waiver breached the Government's duty of care toward the decedent.[3] We

---

2. No suggestion was made, for example, that the Government should always require canopy guards on bulldozers for clearance projects and that, therefore, the elastic language of the regulation was itself a product of negligence.

3. This conclusion prompts reference to Section 413 of the Restatement (Second) of Torts, adopted in California in Walker v. Capistrano Saddle Club, 12 Cal.App.3d 894, 90 Cal.Rptr. 912 (1971), which provides that:

"One who employs an independent contractor to do work which the employer should recognize as likely to create, during its progress, a peculiar unreasonable risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the absence of such precautions if the employer

(a) fails to provide in the contract that the contractor shall take such precautions, or

believe that this reasoning is premised upon a misinterpretation of the legal effect of the statement made by the resident engineer.

Quite to the contrary of deciding not to enforce Regulation 18–20, the resident engineer applied its safety standards and determined that canopies were not appropriate for the clearing project. The most that can be argued, therefore, is that this determination misapplied the regulation in a negligent manner. There is authority for the proposition that the safety manual, as a matter of federal law, imposes no special duty on the Government. *See* Lipka v. United States, 369 F.2d 288, 291 (2d Cir. 1966) cert. denied, 387 U.S. 935, 87 S.Ct. 2061, 18 L.Ed.2d 997 (1967) ; Grogan v. United States, 341 F.2d 39, 43 (6th Cir. 1965) ; Kirk v. United States, *supra*; *cf.* United States v. Page, 350 F.2d 28 (10th Cir. 1965), cert. denied, 382 U.S. 979, 86 S.Ct. 552, 15 L.Ed.2d 470 (1966). We need not reexamine this problem, however, because we are convinced that even if we concede that such a duty was created by the manual, the duty did not encompass the risk of the type of accident that here occurred.

■ The nature of the duty centers on whether an accurate determination as to the "appropriateness" of canopy guards comprised an element of the standard of conduct applicable to this case. A standard fixing the extent to which an erroneous determination would impose liability on the Government does not relate to the "fact-finding tribunal's experience with the mainsprings of human conduct . . . ." Commissioner v. Duberstein, 363 U.S. 278, 289, 80 S. Ct. 1190, 1198, 4 L.Ed.2d 1218 (1960).

Rather, it is a legal conclusion based on the application of legal standards. *See* Lundgren v. Freeman, 307 F.2d 104, 115 (9th Cir. 1962) ; Pacific Tow Boat Co. v. States Marine Corp., 276 F.2d 745, 752 (9th Cir. 1960). *See generally* Wright & Miller, Federal Practice and Procedure, § 2590. Accordingly, a reviewing court is not limited by the clearly erroneous test of Fed.R.Civ.P. 52(a). It must overturn such a conclusion whenever it believes that there has been an erroneous conception of the applicable law.

■ In the context of Regulation 18–20, "appropriate" is not a word of art but connotes only its general usage of "specially suitable". Webster's New International Dictionary 133 (2d ed. 1940). In light of the prevalent practices of contractors in the area here involved, as well as the undisputed testimony that from a safety standpoint the use of canopies was not indicated for the debris clearance, the only reasonable inference is that canopies were not specially suitable for the project. In California a private person would assume no tort duty by reaching this conclusion and the government engineer cannot be held to a higher standard. *See* Gowdy v. United States, 412 F.2d 525, 529, 539 (6th Cir.), cert. denied, 396 U.S. 960, 90 S.Ct. 437, 24 L.Ed.2d 425 (1969).

The plaintiff's reliance upon Van Arsdale v. Hollinger, 68 Cal.2d 245, 66 Cal. Rptr. 20, 437 P.2d 508 (1968) is misplaced. *Van Arsdale*, which engrafts Section 416 of the Restatement (Second) of Torts onto the statutory liability of public entities in California, merely carves out another exception to the independent contractor rule in order to im-

---

(b) fails to exercise reasonable care to provide in some other manner for the taking of such precautions."
Not really an exception, as such, to the independent contractor rule, Section 413 imposes direct liability upon the employer of an independent contractor if the employer himself fails to take appropriate special precautions. This section thus contrasts sharply with Section 416, which

imposes vicarious liability on the employer for the negligence of the independent contractor.
As indicated *infra*, since the Government did not in fact fail to take any special precautions required in the circumstances of this case, no liability can attach to the Government, under either Section 413 or any related common law principle.

pute the negligence of an independent contractor to the employer of the contractor. Since Section 416 is predicated initially upon the presence of negligence by the contractor, the section is inapposite when, as here, the contractor is not negligent. We thus need not consider whether the federal government can be vicariously liable in any event under the Tort Claims Act, although we note in passing that many courts confronting this issue have answered in the negative. *See* Fisher v. United States, 441 F.2d 1288 (3d Cir. 1971); Market Insurance Co. v. United States, 415 F.2d 459 (5th Cir. 1969); Gowdy v. United States, *supra*; Wright v. United States, 404 F.2d 244 (7th Cir. 1968); Roberson v. United States, *supra*; Lipka v. United States, *supra*; United States v. Page, *supra*.

We therefore conclude, under the facts of this case, liability for the death of DeCamp should not be imposed upon the Government.

The judgment is reversed, and upon remand, the actions against the United States will be dismissed.

Reversed and remanded, with directions.

MERRILL, Circuit Judge (dissenting):

I dissent from part II of the majority opinion.

I do not see how, under the circumstances, we can overturn the District Court's finding that failure of the Army Corps of Engineers to require the contractor to install bulldozer canopies constituted negligence. (As the majority opinion notes, footnote 3, California has adopted § 413 of the Restatement of Torts Second.) The nature of the accident as described in the opinion seems to me to be such that it was obviously foreseeable. If the common practice of contractors in the area was to take the risk that such accidents would occur, that does not to me serve to establish lack of negligence as matter of law. As stated in The T. J. Hooper, 60 F.2d 737, 740 (2d Cir.), cert. denied, sub. nom.

Eastern Transp. Co. v. Northern Barge Corp., 287 U.S. 662, 53 S.Ct. 220, 77 L. Ed. 571 (1932), "[T]here are precautions so imperative that even their universal disregard will not excuse their omission."

I, too, am troubled by the apparent inconsistency in holding the Corps negligent and the contractor not negligent. However, the District Court clearly felt that canopies should have been employed. This being so, both the Government and the contractor should have been held guilty of negligent conduct. To me the inconsistency is explainable as founded on the erroneous view that the contractor could defer to the judgment of the Corps as to whether adequate safeguards should be employed and thereby relieve himself of all duty in that respect.

I would affirm the judgment against the United States.