**Thomas and Frances GAMBINO,<br>Plaintiffs,**

v.

**UNITED STATES of America,<br>Defendant.**

**No. 74 C 195.**

United States District Court,<br>E. D. New York.

Aug. 15, 1974.

Vicki G. Cheikes, Arlington, Va. (David G. Trager, U. S. Atty., Scott P. Crampton, Asst. Atty. Gen., and Jerome Fink, Atty., Dept. of Justice, of counsel), for defendant.

Herbert Burstein, New York City, (Zelby, Burstein, Liberstein & Hartman, New York City of counsel), for plaintiffs.

DOOLING, District Judge.

The controversy presented by the two motions centers around the following allegation which appears in each of the complaints—which, otherwise, are straightforward complaints in actions to recover income taxes paid the United States—

> "8. The conduct of the defendant, through its agent, in determining the arbitrary and capricious deficiency assessment and in collecting the same was part of a malicious, willful and illegal program of repeated examinations designed to harass and invade the Constitutional rights of the plaintiffs, all in violation of the statutes of the United States, including, but not limited to, Section 7605(b) of the Internal Revenue Code."

Plaintiffs contend that the conduct of defendant through its agents was such that it amounted to a bar against the later assessments of taxes, rendering the collections of tax from plaintiffs altogether illegal, and, hence, refundable. To make out a case of governmental misconduct plaintiffs seek discovery, and defendant both resists discovery, and by cross-motion seeks to strike paragraph 8 of each complaint on the ground that the ground of or claim for relief that it presents does not lie within the jurisdiction of the Court. The controversy between the parties at this time, then, is whether there is any issue to be litigated in this case beyond the ultimate issues of tax liability (as a matter of re-computation of tax under the statute) or whether there is involved in the five related cases a transgression of Section 7605(b) of the Internal Revenue Code, and, if so, whether in the circumstances of this case, it is a violation such in the circumstances and grossness of its occasion that it amounts to a bar to the collection of the tax. One case, Reineman v. United States, 7th Cir. 1962, 301 F.2d 267, 271–272, has held that, where a taxpayer is totally unaware that a re-examination of its tax return is in progress and thus is unable either to refuse disclosure of its books or otherwise to arrest the process of re-examination, the illegal re-examination can be treated as defeating the deficiency and entitling a taxpayer who has paid the tax to a refund without reference to the tax-merit of the government's case.

The taxable year involved in each case is the calendar year 1967. In each case a claim for refund was filed on November 17, 1971; in three cases (Dynamic, Greenberg, and Thomas Gambino) partial refunds were made on or about August 27, 1973; and, finally, actions to recover the unrefunded taxes paid in November 1971 were commenced in four cases in February 1974 and in the fifth case (Ruff) in April 1974.

Section 7605(b) provides:

> "No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary."

There appears to be no underlying question of relevant fact. Concededly the Internal Revenue Service had an audit under way in 1969 and, apparently, when it was learned that the male plaintiffs in 74 C 195 and 74 C 196 were sons of Carlo Gambino, the matter was drawn to the attention of the "Strike Force," in the spring of 1970. The taxable years under audit were 1966, 1967 and 1968. The resumption of the audit of the various Gambino companies by IRS staff associated with the Strike Force (involving the issuance of subpoenas) resulted in motions in the Southern District Court to quash the subpoenas. The motions centered on the taxable year 1968, but they clearly arose out of the inclusive audit that was being conducted of the Gambino interests. That appears from paragraph 4 of Joseph J. Gluckman's affidavit submitted in support of motions made before the Honorable Sylvester Ryan in the Southern District of New York to quash the subpoenas issued in aid of the continuation of the audit. The Gluckman affidavit makes clear that Mr. Gluckman understood "that re-audits are not favored" and that when the agents associated with the Strike Force "commenced a re-audit" of all of the records of 1966, 1967 and 1968 in June of 1970 "neither my clients nor I offered any objection." Indeed no objections whatever were made until November of 1971, when the motion to quash was made before Judge Ryan. It was urged before Judge Ryan that the subpoenas should not be enforced because the continuing audit and its attempted implementation through the issuance of subpoenas constituted oppressive conduct on the part of the Internal Revenue Service in the performance of its duties. Judge Ryan denied the motion, resting essentially upon the fact that letters were issued in at least formal compliance with Section 7605(b) under date of September 25, 1970, in the case of Greenberg's Express Inc. and Consolidated Carriers, Corp. Judge Ryan declined to quash the subpoenas and granted the Government's motion to enforce the subpoenas. The same contention of oppressive and discriminatory audit was raised in connection with the same audit in the Tax Court of the United States in the case of each taxpayer involved in the five cases in this Court with respect to that taxpayer's taxable year 1968. There, in connection with a motion to impound documents of the Internal Revenue Service the argument of discriminatory selection of the taxpayers for protracted audit was raised on the taxpayer's motion to impound the documents. The motion was denied in all respects, but, essentially, on the ground that the matters complained of would not constitute a ground for determining that there was no deficiency in tax, and were therefore entirely irrelevant to the tax proceeding.

The claim for refund in each of the present cases was filed at just the time when the whole issue of oppressive audit and violation of Section 7605(b) was being raised before Judge Ryan. None of the claims for refund filed in any of the present cases contains any reference to oppressive or discriminatory audit as a claim or ground of relief nor was refund claimed in any of the cases on the theory that the audit violated Section 7605(b). Rather, the claims for refund were based squarely on and were limited to the contentions that the expenses disallowed as deductions in the corporate returns were deductible expenses of the corporations and should have been allowed as such, and that, in consequence, the disallowed amounts were improperly treated as sub-chapter S income to the individual taxpayer-plaintiffs.

■■ It must be doubted that in the present cases there has been an "unnecessary" "examination" or "investigation," or a second "inspection," and the audit conducted certainly did not become a second inspection of taxpayers' books, records and accounts simply because, at the insistence of taxpayers, notifications under Section 7605(b) were furnished to certain of the taxpayers. See National Plate & Window Glass Co., Inc. v. United States, 2d Cir. 1958, 254 F.2d 92; Unit-

ed States v. Giordano, 8th Cir. 1969, 419 F.2d 564; United States v. Bell, 9th Cir. 1971, 448 F.2d 40; United States v. Schwartz, 5th Cir. 1972, 469 F.2d 977; *cf.*, United States v. Fordin, E.D.N.Y. 1972, 72–2 USTC 85,464, par. 9618; Moloney v. United States, N.D.Ohio 1974, 375 F.Supp. 737; United States v. Krilich, 7th Cir. 1972, 470 F.2d 341, 350–351. In any case, the better view is that an objection founded on Section 7605(b) must be raised by proceedings directed to any subpoenas that may have been issued or by resisting when the Internal Revenue Service seeks by petition to enforce its subpoenas. Philip Mangone Co. v. United States, Ct.Cl.1931, 54 F.2d 168, 171–172; United States v. Krilich, *supra*, 470 F.2d at 350–351; Field Enterprises, Inc. v. United States, 1965, 348 F.2d 485, 490–492, 172 Ct.Cl. 77. The Court of Appeals for the Second Circuit has left the point open. See United States v. Dawson, 2d Cir. 1968, 400 F.2d 194, 199 fn. 4.

Defendant's motion, in effect, to strike paragraph 8 from each complaint and its opposition to the discovery rests on the provisions of Section 7422(a) of the Code, which requires, before suit against the United States to recover a tax as erroneously collected, that a claim for refund have been filed according to the provisions of law and the regulations of the Secretary or his delegate established in pursuance of law. 26 C.F.R. § 301.6402–2 requires, in sub-section (b)(1), that a claim for refund set forth each ground upon which a refund is claimed and facts sufficient to apprise the Commissioner thereof. The regulation adds

> "A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit."

None of the claims for refund in any of these five cases was sufficient to raise the question now raised under Section 7605(b) or any comparable *Reineman*-type claim based on charges of oppressive and improperly motivated pro-

traction or repetition of audit procedures. Those points cannot, therefore, be raised in these cases. United States v. Felt & Tarrant Mfg. Co., 1931, 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025; Angelus Milling Co. v. Commissioner of Internal Revenue, 1945, 325 U.S. 293, 65 S.Ct. 1162, 89 L.Ed. 1619; Ronald Press Co. v. Shea, 2d Cir. 1940, 114 F.2d 453; Herrington v. United States, 10th Cir. 1969, 416 F.2d 1029.

Plaintiffs argue that it is too late for defendant to raise, and to raise in the form in which it has raised, the point that the matter alleged in paragraph 8 may not be a ground of recovery. The form that defendant's motion has taken is a motion for a dismissal "for lack of jurisdiction (partial)," meaning—to dismiss, " . . . that part of these actions that raise the defenses of harassment and violation of constitutional rights, on the ground of lack of jurisdiction over the subject matter."

The complaints in these cases may well be considered as presenting two distinct grounds for relief, the *first* ground of relief having to do with proper determination of the tax as a matter of computation to the extent permitted by the claims for refund on Form 843 filed in each case, and a *second* claim, that set forth in paragraph 8 of each complaint, contending that (in effect) even if in each case the tax was otherwise properly collectible, it could not be collected because the plaintiffs' rights under Section 7605(b) and under the Constitution had been violated by the harassing, discriminatory and protracted audit. While it is certainly arguable that the two distinct grounds for relief should have been set up in separate counts (*cf.* Rule 8(a), (e)(2); Rule 10(b) ), the objection to the matter of paragraph 8, whether more correctly phrased as a lack of jurisdiction or as a failure to state a claim upon which relief can be granted, is an objection not waived by failure to present it as provided in Rule 12(b), (f), as clearly appears from Rule 12(h)(2), (3). Defendant's motion is sufficient in form to

**570**

raise the substantive question presented.

It follows from what has been said that discovery of the kind that plaintiffs seek would not be discovery of matter relevant to the prosecution of the claims that plaintiffs are authorized to present under their claims for refund and in the present actions. Accordingly, plaintiffs' motion for an order under Rules 34 and 36 to compel the production of documents for discovery and inspection is in all respects denied and the motion of the defendant in each action to dismiss so much of each complaint as puts forward the claim of paragraph 8 is granted.

It is so ordered.